David J. Holdsworth
Attorney-at-Law
9125 S Monroe Plaza Way, Suite C
Sandy UT 84070

Name:
Address:
Telephone: 801 - 352- 7701
david_ holdsworth @ hotmail. com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH - _Central_ DIVISION

Doty Y. Jones

Plaintiff,

v.

Select Portfolio
Servicing, Inc.,

Defendant(s).

: 
: **COMPLAINT**
:
:
:
:
: Civil No.
:
:
:
:
: _Jury Trial Demanded_

## A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. §§ 626(c)(1) and appropriate relief is also sought.

## B. PARTIES

1.   Name of plaintiff:      Doty Y. Jones
     Present mailing address:   6749 South Liza Lane
                            West Jordan, Utah 84081

2.    Name of first defendant:
      Present mailing address or
      business location:        _Select Portfolio Servicing, Inc._
                                _3217 South Decker Lake Drive_
                                _West Valley City, Utah 84119_

3.    Name of second defendant:
      Present mailing address or
      business location:

4.    Name of third defendant:
      Present mailing address or
      business location:

      (Use additional sheets if necessary.)

## C. NATURE OF CASE

1.    The address at which I sought employment or was employed by the defendant(s) is:

                    _3217 South Decker Lake Drive_
                    _West Valley City, Utah 84119_

2.    The discriminatory acts occurred on or about:

                    _April 17, 2023 to May 17, 2025 and_
                    (Month, Day, Year)    _to date of termination of_

3.    I filed charges with the Anti Discrimination Division of the Utah State Industrial _employment_
      Commission regarding the defendant's discriminatory conduct on or about:

                    _November 10, 2024_
                    (Month, Day, Year)

2

4. I filed charges with the Equal Employment Opportunity Commission regarding the defendant's discriminatory conduct on or about:

11/10/2024

(Month, Day, Year)

5. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which I received on:

12-15-2025

(Month, Day, Year)

(Please attach the "Notice of Right to Sue" to this complaint.)

6. The discriminatory acts that are the basis of this suit are:

a._____ Failure to employ me
b._____ Failure to promote me
c.__✔____ Termination of my employment
d._____ Demotion
e._____ Denied equal pay/work
f._____ Sexual harassment
g.__✔____ General harassment
h._____ Other acts (Be specific: Attach an additional sheet if

necessary)

_____
_____
_____
_____

7. Defendant's conduct is discriminatory with respect to:

a.__✔__ my race        d._____ my religion
b.__✔__ my color       e._____ my national origin
c.__✔__ my sex     f.__✔__ my age
             ✔ g. retaliation for engaging in

8. I believe that the defendant is still committing these acts against me.     protected activity

_____ yes   __✔__ no

## D. CAUSE OF ACTION

3

1.    I allege that the defendant has discriminated against me and that the following facts form the basis for my allegations:

a.    (1)    Count I: _Discrimination on the basis of race, color, sex and age_

(2)    Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly, in your own words without citing any legal authority.  Use additional sheets if necessary.)

_See Petitioner's Statement dated June 23, 2025 Paragraphs 7-19, copy attached hereto_

b.    (1)    Count II: _Retaliation for Engaging in_

(2)    Supporting Facts: _Protected Activity_

_See Petitioner's Statement dated June 23, 2025 Paragraphs 7-8 and 21-27, copy attached hereto_

### E. INJURY

1.    How have you been injured by the actions of the defendant(s)?

_Plaintiff lost her long career with SPS, causing lost wages from May 17, 2024 to December 2024 and lost benefits during that same time then a lost wage + benefit differential after December 2024 when Pl obtained new employment but at a substantially lower wage rate Plaintiff also suffered some emotional distress_

### F. REQUEST FOR RELIEF

2.    I believe I am entitled to the following relief:

_A judgment for the amount of lost wages, the value of lost benefits, ongoing lost wage + benefit differential from December 2024 to present and ongoing._

3-16-2026

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct.   28 U.S.C. §1746; 18 U.S.C. § 1621.

Executed at _____Sandy Utah_____ on_____ Jan 28, 2026_____.
          (Location)

_____
Signature

H:\prose\vii.gui

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0041
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)
Issued On: 12/10/2025

**To:** Doty Jones
6749 S Liza Ln
West Jordan, UT 84081

Doty Jones v Select Portfolio Servicing
EEOC Charge No: 35C-2025-00075

*Mailed*
*12-10-2025*
*R*
*12-15-2025*

EEOC Representative and email:   Robin Campbell
State, Local & Tribal Program Manager
robin.campbell@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Melinda Caraballo
District Director

CC:
Elena Vetter
Parsons Behle
201 S Main St Ste 1800
Salt Lake City, UT 84111

David Holdsworth
Law Office
9125 S Monroe Plaza Way Ste C
Sandy, UT 84070

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012

RBC

PHOENIX AZ 852

10 DEC 2025 PM 11 L



$0.74 0
US POSTAGE IMI
FIRST-CLASS
063S0002303572
FROM 85012

David Holdsworth
Law Office
9125 S Monroe Plaza Way Ste C
Sandy, UT 84070

84070-460475

**DAVID J. HOLDSWORTH** (4052)
9125 South Monroe Plaza Way, Suite C
Sandy, UT 84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com
*Attorney for Petitioner*

BEFORE THE LABOR COMMISSION
STATE OF UTAH—ADJUDICATION DIVISION
–ooOoo–

| | | |
|---|---|---|
| DOTY Y. JONES, | : | **PETITIONER'S STATEMENT SUPPORTING CLAIMS OF DISCRIMINATION** |
| Petitioner, | : | |
| v. | : | |
| SELECT PORTFOLIO SERVICING, | : Case No. 8050075 | |
| Respondent. | : Judge Heather Farnsworth | |

Doty Y. Jones, Petitioner herein, by and through her counsel of record,
David J. Holdsworth, and in accordance with the Scheduling Order of May 22, 2025,
hereby files her Petitioner's Statement Supporting her Claims of Discrimination as
follows:

**I. PARTIES**

1.      Petitioner Doty Y. Jones (hereinafter "Petitioner") is a resident of
the State of Utah who currently resides at 6749 S Liza Lane, West Jordan UT 84081.

2.      The entity named as Respondent herein is Select Portfolio Servicing. On information and belief, Petitioner alleges that, at all times relevant hereto, Select Portfolio Servicing (hereinafter "Respondent"), was a business entity which was doing business in Utah and which employed 15 or more employees, including Petitioner.

3.      On November 12, 2024, Petitioner filed a Charge of Discrimination with the UALD in which she alleged that Respondent had discriminated against her based on her race, color, sex, and age and had retaliated against her for engaging in protected activity.

4.      Petitioner filed her Charge of Discrimination within 180 days from the last date of the alleged harm. Petitioner alleges the Adjudication Division ("Division") may exercise jurisdiction over all non-discrete discriminatory actions constituting a continuing violation beginning before May 16, 2024, the date which is 180 days before Petitioner filed her Charge of Discrimination, and continuing past May 16, 2024 and over all discrete discriminatory actions occurring on or after May 16, 2024. The Division may treat all alleged discrete discriminatory actions occurring before this date as being untimely for purposes of relief, but may give weight to evidence of such for evidentiary purposes. Petitioner alleges all jurisdictional requirements have been met as required by Title VII of the Civil Rights Act of 1964, as

2

amended, the Age Discrimination in Employment Act of 1967, as amended, and the Utah Antidiscrimination Act of 1965, as amended.

## II. TYPES OF DISCRIMINATION ALLEGED

5.     Petitioner, by and through her counsel of record, David J. Holdsworth, brings this appeal and files her Petitioner's Statement against the Respondent alleging violations of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, and the Utah Antidiscrimination Act of 1965, as amended, which provide that it is unlawful to: discriminate against an employee in her employment on the basis of her race, color, sex, and age, and to retaliate against an employee for engaging in protected activity.

## III. STATEMENT OF FACTS AND CLAIMS

### A.     STATEMENT OF FACTS

6.     Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 5 above as if alleged in full herein.

7.     Petitioner alleges that she is African American, black, female, and over the age of 40.

8.     Prior to the actions and decisions alleged herein, Petitioner had worked successfully for Respondent (or its predecessor) for 20+ years.

### B.     CLAIMS

3

## A. Respondent Subjected Petitioner to Discrimination

9. Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 8 above as if alleged in full herein.

10. To state a prima facie case of discrimination treatment based on a protected class, Petitioner alleges facts which establish, or tend to establish, that: (1) she is a member of a protected class or classes; (2) she was qualified for the position she held; (3) Respondent took adverse employment action against her; and (4) the circumstances surrounding the adverse action give rise to an inference of discrimination. *See, generally, McDonnell Douglas Corp. v. Green*, 411 U.S. 792,802 (1973).

11. Petitioner alleges that the allegations set forth above satisfy the first and second elements of her prima facie case of discrimination.

12. Petitioner alleges that, on May 17, 2024, Respondent took adverse action against her in that it terminated Petitioner's long-term employment.

13. Petitioner's allegations satisfy the third element of her prima facie case of discrimination.

14. As to the fourth element of her prima facie case, Petitioner alleges several circumstances which support the drawing of an inference of discrimination. These include: (a) disparate treatment, which, but for the employee's protected trait,

4

would be different. *See International Union v. Johnson Controls, Inc.,* 499 U.S. 187, 200 (1991); (b) "direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic." *Young v. UPS,* 575 U.S. 206,213 (2015).

15. Petitioner alleges that Respondent discriminated against her based on her race, color, sex and age, which discrimination culminated when, on May 17, 2024, Respondent terminated her employment.

16. On information and belief, Petitioner alleges that other employees who were of a different race and/or gender and/or who were younger than she was, and who had similarly failed to meet the metrics after receiving warnings, did not have their employment terminated.

17. While Petitioner acknowledges that she did have some challenges in meeting the metrics Respondent had set for her to meet and had issued her prior written warnings that continuing to do so could lead to her employment termination, she alleges the metrics did not allow employees adequate time to assist customers with their needs, which is what she was doing in comparison to those employees who were meeting the metrics. In connection with her obligation to provide other evidence of disparate treatment, Petitioner alleges the UALD investigation did not investigate deeply enough to obtain information on this issue, which, at this stage of the process, only the UALD was able to obtain, thus, making the UALD's finding that "Charging

5

Party fails to show evidence of other employees [ of Petitioner's protected classes] who had similarly failed to meet the metrics after receiving warnings and who did not have their employment terminated", meaningless.

18.     Petitioner alleges that, if not for her race, color, sex and/or age, she would have been treated differently and not terminated.

19.     Petitioner's allegations satisfy the fourth element of her prima facie case of discrimination.

**B. Respondent Subjected Petitioner to Retaliation**

20.     Petitioner incorporates by this reference all allegations listed in paragraphs 1 through 19 above as if alleged in full herein.

21.     To state a prima facie case of retaliation, Petitioner alleges facts which establish, or tend to establish, that: (1) she engaged in protected opposition to discrimination; (2) thereafter, Respondent took adverse employment action against her and a reasonable employee would have found the challenged action materially adverse; and (3) that a causal connection existed between the protected activity and the materially adverse action. *See, generally, Argo v. Blue Cross and Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006).

22.     Petitioner alleges she engaged in protected activity in that, among other things, she had previously filed a Charge of Discrimination against SPS with the

6

UALD and EEOC, which was still pending at the time Respondent terminated Petitioner's employment.

23.    Petitioner's allegations set forth above satisfy the obligation to allege that she engaged in protected activity and that, after she did so, Respondent took materially adverse employment action against her.

24.    Petitioner's allegations satisfy the first and second elements of her prima facie case of retaliation.

25.    As to the third element of her prima facie case, Petitioner alleges that a causal connection existed between the protected activity and the materially adverse action. "A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *O'Neal v. Ferguson Constr. Co.,* 237 F.3d 1248, 1253 (10th Cir. 2001) (quoting *Burrus v. United Tel. Co. of Kansas Inc.,*683 F.2d 339, 343 (I 0th Cir. 1982)).

26.    Petitioner alleges she engaged in protected activity beginning on July 20, 2023, when she filed her first charge of discrimination with the UALD. Respondent terminated Petitioner's employment on May 17, 2024. While that date came ten months after Petitioner began engaging in protected activity, such protected activity was still pending until May 17, 2024, and even thereafter, and, thus, she can

7

establish a causal connection based on temporal proximity between the protected activity and the adverse action. In this respect, Petitioner alleges that the UALD investigator did not investigate deeply enough to obtain information on this issue, which, at this stage of the process, only she was able to obtain, thus, making her finding that "Charging Party does not show any evidence that her engaging in protected activity ten months earlier was the reason that her employment was terminated" meaningless.

27. Petitioner alleges such circumstantial evidence could support a reasonable inference that there was a causal connection between her protected activity and the adverse action.

## IV. DAMAGES

28. Ms. Jones alleges Respondent's actions and inactions have caused her various losses, injuries and other damages, including lost wages, lost benefits, financial stress, emotional distress and damages to her employability.

## V. RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Petitioner requests the following relief, specifically an Order and Judgment:

8

1. Declaring that Respondent discriminated against Ms. Jones on the basis of her race, color, sex, and age, in violation of the Title VII of the Civil Rights Act, the ADEA and the UADA;

2. Awarding Ms. Jones "make whole" relief, including awarding Ms. Jones the lost wage and lost benefit differential from the time Respondent terminated Ms. Jones' employment until Ms. Jones secures comparable employment, or for a period of five years, whichever occurs first;

3. Awarding Ms. Jones her reasonable attorney's fees and costs;

4. Awarding Ms. Jones such other relief as may be just and equitable.

DATED this 23rd day of June, 2025.

_/s/ David J. Holdsworth_
David J. Holdsworth
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of *June, 2025*, a true, correct and

complete copy of the foregoing PETITIONER'S STATEMENT SUPPORTING

CLAIMS OF DISCRIMINATION was delivered upon the attorney(s) indicated below

by the following method(s):

       ___    Facsimile
       ___    U.S. Mail
       ___    Hand Delivery
       ___    Overnight Delivery
       X     E-Mail

Michael Patrick O'Brien, Esq.
ARSONS BEHLE & LATIMER
201 S Main Street, Suite 1800
Salt Lake City UT 84111
mobrien@parsonsbehle.com

                            */s/ David J. Holdsworth*
                            David J. Holdsworth

10